IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON LYNCH**  **PLAINTIFF**
Reg #07405-510

v.   Case No. 4:24-cv-00740-LPR-BBM

**DOES**, *et al.*   **DEFENDANTS**

## ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 71) and Plaintiff's objections thereto.[1]  After a *de novo* review of the PRD, along with careful consideration of the objections and the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.

The Court agrees with Judge Moore's assessment that Plaintiff's Third Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and puts his case in jeopardy of summary dismissal.[2]  Because *all* of Plaintiff's claims are subject to dismissal, Plaintiff should consider himself fortunate that *any* of his claims survive screening.  Plaintiff's Motion to Amend (Doc. 76) is DENIED.  Plaintiff has had ample opportunities to file a complaint that complies with the Federal Rules.  And the Court denies Plaintiff's request, as an alternative to dismissal, to

---

[1] After Judge Moore entered the PRD, Plaintiff submitted numerous filings related to the PRD's contents. *See* Docs. 73–79.  Despite Plaintiff's acknowledgment that his Third Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and puts his case in jeopardy of summary dismissal, his post-PRD submissions nonetheless are voluminous, sprawling, repetitive, and incredibly difficult to follow.  Additionally, much of the material in these submissions seeks the Court's consideration of documents other than the 171-page Third Amended Complaint.  *See, e.g.*, Doc. 75.  The Court declines that request.  To the extent the Court can make heads or tails of Plaintiff's objections to the PRD (with respect to only those allegations contained within the Third Amended Complaint), the Court has considered those objections and finds them without merit.

[2] PRD (Doc. 71) at 2 n.2.

open new case numbers for the severed claims.[3] Plaintiff is cautioned that, should he decide to attempt to re-file any of these severed and dismissed claims in a new case, his pleadings must comply with the Federal Rules, or the new case(s) similarly will be subject to summary dismissal.

Accordingly, IT IS HEREBY ORDERED that:

1. All claims not reasonably related to Plaintiff's denied Biktarvy, resulting litigation threats, and crushed medication are SEVERED and DISMISSED without prejudice, so that Plaintiff may pursue those claims in a separate action, if he so chooses.[4]

2. In the instant action, Plaintiff may proceed with only the following claims:

   a. medical-deliberate-indifference claims against Watts and Edwards, in their individual capacities only, based on a delay in receiving his HIV medication;

   b. crushed-medication medical-deliberate-indifference claims against Edwards, Spence, Watts, and Pill Nurses 1, 2, and 3 in their individual capacities only;

   c. First Amendment interference-with-mail claims against Edwards, Ross, Sciler, and Goodwin in their individual capacities only;

   d. failure-to-protect claims against Rogers and Swindle, in their individual capacities only, for telling the F Pod inmates that the shakedowns were Lynch's fault;

   e. excessive-force claim against Rogers, in his individual capacity only, for the alleged arm-grab;

   f. equal-protection claim against Edwards, in his individual capacity only, based on Lynch's placement in medical lockdown;

   g. individual-capacity retaliation claims: (1) against Edwards for harassment of Lynch's wife; (2) against Edwards, Ross, Sciler, and Goodwin for interference with Lynch's mail; (3) against Wood for denying Lynch toilet paper; (4) against Rogers, Swindle, and Workman for telling F Pod inmates that it was Lynch's fault they were not receiving yard call; (5) against Edwards, Rogers, Swindle, and Wood for subjecting Lynch to numerous shakedowns with strip and visual cavity searches, and against Rogers and Swindle for telling the F Pod inmates

---

[3] *See* Doc. 76 at 1.

[4] To be clear, the claims that are reasonably related to Plaintiff's denied Biktarvy, resulting litigation threats, and crushed medication are the ones identified in Section III.B. of the PRD.

    the shakedowns were Lynch's fault; and (6) against Edwards for placing Lynch in medical lockdown;

  h. conspiracy claims against Edwards, Rogers, Ross, Sciler, Goodwin, Wood, Swindle, and Workman in their individual capacities only; and

  i. official-capacity claims against Edwards and Turnkey for the alleged policy and practice of crushing Lynch's medication.

3. All other claims reasonably related to Plaintiff's denied Biktarvy, resulting litigation threats, and crushed medication are DISMISSED without prejudice for failure to state a claim.[5]

4. The Clerk is directed to TERMINATE Defendants Jones, Yagger, Mat Ouite, White County Comm., Hughes, Long, and Martin, along with Doe Defendants the Sheriff; Mail Room Clerk; Front Desk Clerk; Head Nurse; Pill Nurse 1, Melody[6]; PM Pill Nurse, Heather; White County Jail Admin.; and Nurse F as parties to this action.

5. The Clerk is directed to ADD Doe Pill Nurse 1 as a party Defendant.[7]

6. Plaintiff's Motion for Re-Review (Doc. 75) and Motion to Amend (Doc. 76) are DENIED for the reasons stated in this Order.

7. Because the Court has considered the Plaintiff's objections without regard for their timeliness, the Motion for Extension of Time to File Objections (Doc. 72) is moot.

8. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

---

[5] *See supra* note 4.

[6] As discussed in the PRD, Plaintiff does not name Nurse Melody in the Third Amended Complaint. *See* Doc. 71 at 4 n.3; Third Am. Compl. (Doc. 45) at 102. Plaintiff does, however, state claims against Doe Pill Nurses 1, 2, and 3. *See* Third Am. Compl. (Doc. 45) at 104. The Clerk is directed to address this discrepancy on the docket sheet by terminating "Doe Pill Nurse 1, Melody" and adding "Doe Pill Nurse 1" as a party Defendant.

[7] *See supra* note 6.

IT IS SO ORDERED this 13th day of January 2026.[8]

                                                              _____
                                                              LEE P. RUDOFSKY
                                                              UNITED STATES DISTRICT JUDGE

---

[8] The Court wants to emphasize that, as to the claims allowed to proceed, the Court's decisions are tentative. A strong motion to dismiss might change the Court's mind on one or more of the remaining claims.

4