IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON LYNCH                                                                                    PLAINTIFF
Reg #07405-510

V.                         Case No. 4:24-CV-00740-LPR-BBM

DOES, Pill Nurses 1–3; CLAYNTON
EDWARDS, Captain; ROSS, Lt.;
SWINDLE, Sgt.; WORKMAN, Sgt.;
ROGERS, Sgt.; WOOD, CO; SCILER, Sgt.;
GOODWIN, CO; ASHLEY WATTS,
Nurse; KATYNN SMITH, Nurse; and
TURNKEY, Medical Contractor                                                         DEFENDANTS

## ORDER

On August 30, 2024, Plaintiff Jason Lynch ("Lynch"), a prisoner then incarcerated in the White County Detention Center ("WCDC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated. (Doc. 1). Several amended complaints and addendums followed, (Docs. 3, 8, 11, 12, 14, 15, 17, 20, 24, 45), but the current operative compliant is Lynch's Third Amended Compliant, (Doc. 45). In short, Lynch alleges a vast conspiracy of retaliation and other constitutional violations occurred during his three-month incarceration in the WCDC (June 2024 to September 2024) and stemmed from Lynch's threat of litigation over the denial of his Biktarvy medication. *See id.* But not all claims were allowed to proceed.

On January 13, 2026, United States District Judge Lee P. Rudofsky accepted this Court's Recommendation that Lynch be allowed to proceed with only the following claims:

a. medical-deliberate-indifference claims against Nurse Ashley Watts and Captain Claynton Edwards, in their individual capacities only, based on a delay Lynch receiving his HIV medication;

b. crushed-medication medical-deliberate-indifference claims against Edwards, Nurse Katynn Smith (also listed as "Spence"), Watts, and Pill Nurses 1, 2, and 3 in their individual capacities only;

c. First Amendment interference-with-mail claims against Edwards, Lt. Ross, Sgt. Sciler, and C.O. Goodwin in their individual capacities only;

d. failure-to-protect claims against Sgt. Rogers and Sgt. Swindle, in their individual capacities only, for telling the F Pod inmates that the shakedowns were Lynch's fault;

e. excessive-force claim against Rogers, in his individual capacity only, for the alleged arm-grab;

f. equal-protection claim against Edwards, in his individual capacity only, based on Lynch's placement in medical lockdown;

g. individual-capacity retaliation claims: (1) against Edwards for harassment of Lynch's wife; (2) against Edwards, Ross, Sciler, and Goodwin for interference with Lynch's mail; (3) against C.O. Wood for denying Lynch toilet paper; (4) against Rogers, Swindle, and Sgt. Workman for telling F Pod inmates that it was Lynch's fault they were not receiving yard call; (5) against Edwards, Rogers, Swindle, and Wood for subjecting Lynch to numerous shakedowns with strip and visual cavity searches, and against Rogers and

    Swindle for telling the F Pod inmates the shakedowns were Lynch's fault; and (6) against Edwards for placing Lynch in medical lockdown;

 h. conspiracy claims against Edwards, Rogers, Ross, Sciler, Goodwin, Wood, Swindle, and Workman in their individual capacities only; and

 i. official-capacity claims against Edwards and Turnkey for the alleged policy and practice of crushing Lynch's medication.

(Docs. 71, 80). All other claims and Defendants were dismissed, and service is now appropriate.[1] (Doc. 80).

 IT IS THEREFORE ORDERED THAT:

 1. For good cause, the time to serve all Defendants is extended to April 14, 2026. FED. R. CIV. P. 4(m); 28 U.S.C. § 1915A (requiring Court to screen claims prior to service);

 2. The Clerk is directed to prepare a summonses for the County Defendants—Claynton Edwards, Lt. Ross, Sgt. Swindle, Sgt. Workman, C.O. Wood, Sgt. Sciler, and C.O. Goodwin.

 3. The United States Marshal is directed to serve the summonses, a single copy of the Third Amended Complaint (Doc. 45), and this Order on the County Defendants at

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

the White County Detention Center, 1600 Booth Road, Searcy, Arkansas 72143, without requiring prepayment of fees and costs.[2]

4.     Service for Turnkey and the identified Medical Defendants—Nurse Ashley Watts and Nurse Katynn Smith (or Spence)—will be attempted by different means.[3]

SO ORDERED this 14th day of January, 2026.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE

---

[2] If any County Defendant is no longer a White County employee, the individual responding to service must provide a <u>sealed</u> statement with that that Defendant's last known mailing address.

[3] Lynch is reminded that it is his responsibility to provide sufficient information for identifying and properly serving each Defendant, including Pill Nurses 1, 2, and 3. *See* (Doc. 4 at 2); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).