IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON LYNCH                                                                      PLAINTIFF
Reg #07405-510

V.                              Case No. 4:24-CV-00740-LPR-BBM

DOES, Pill Nurses 1–3; CLAYNTON
EDWARDS, Captain; ROSS, Lt.;
SWINDLE, Sgt.; WORKMAN, Sgt.;
ROGERS, Sgt.; WOOD, CO; SCILER, Sgt.;
GOODWIN, CO; ASHLEY WATTS,
Nurse; KATYNN SMITH, Nurse; and
TURNKEY, Medical Contractor                                       DEFENDANTS

## **ORDER**

## I.      INTRODUCTION

There are 22 motions pending before the Court, submitted variously by Plaintiff

Jason Lynch; Defendants Claynton Edwards, Ross, Swindle, Rogers, and Goodwin (the

"County Defendants"); and Defendants Ashley Watts, Katynn Smith, and Turnkey (the

"Medical Defendants"). (Docs. 91, 101, 103, 105, 108–110, 113, 118, 122, 127, 132, 135,

137–138, 140, 143–144, 150, 154, 163–164). Lynch's purported preliminary injunction

motions, (Docs. 163, 164-1), are addressed in a separate recommendation. *See* 28 U.S.C.

§ 636(b)(1). The remaining motions are grouped and addressed as follows:

(A)     County and Medical Defendants' Joint Motion to Strike Unauthorized
Filings and for Entry of Prefiling Review Order, (Doc. 154);

(B)     County Defendants' Motion for Leave to Answer Out of Time, (Doc. 103),
and Lynch's responsive motions, (Docs. 118, 132);

(C)     County Defendants' Motion to Set Aside Service of Process, (Doc. 101), and
Lynch's responsive motion, (Doc. 122), Motion for Service, (Doc. 143), and
Motion for Disclosure of Last Known Addresses, (Doc. 144);

(D)   Lynch's Motion for Leave to File Third Amended Complaint, (Doc. 127), and Motion to Correct that Motion for Leave, (Doc. 140);

(E)   County and Medical Defendants' Motions for More Definite Statements, (Docs. 91, 105), and Lynch's Motions to Compel Defendants' Answer, (Docs. 137, 138, 150);

(F)   Lynch's Motions to Preserve Evidence, (Docs. 108, 109, 110); and

(G)   Lynch's pre-emptive Motion to deny summary judgment to Defendants, (Doc. 113), and Lynch's Motion to Strike Defendants' Affirmative Defenses, (Doc. 135).

## II.   DISCUSSION

### A.   County and Medical Defendants' Joint Motion to Strike Unauthorized Filings and for Entry of Prefiling Review Order, (Doc. 154)

After Lynch filed a spate of documents over at 28-day period, including many of the Motions to be considered in this order, the Medical and County Defendants filed a joint Motion to Strike Unauthorized Filings and for Entry of Prefiling Review Order. (Doc. 154). Defendants argue that many of Lynch's filings are not authorized under the Federal Rules of Civil Procedure or this Court's Local Rules. *Id.* at 2. They also note that Lynch continued to file unauthorized documents even after being notified of the procedural impropriety of his filings. *Id.*

Defendants ask the Court to strike the unauthorized filings under Rule 12(f) of the Federal Rules of Civil Procedure and under the Court's inherent authority to manage its docket. (Doc. 154 at 5–6) (citing Fed. R. Civ. P. 12(f) and *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). Also under the Court's inherent authority and under the All Writs Act, Defendants ask the Court to issue a narrowly tailored "Prefiling Review Order," pursuant

to which the Court would review all Lynch's filings—save for an enumerated list of exceptions—and determine if leave should be granted for the filing. (Doc. 154 at 17).

Even if narrowly tailored, such prefiling injunctions are appropriate only if the litigant has been provided notice and an opportunity to be heard. *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009) (citing, *inter alia*, *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). And such injunctions are generally reserved for litigants with a history of filing frivolous and vexatious litigation. *See Sassower v. Carlson,* 930 F.2d 583, 584 (8th Cir. 1991). Moreover, "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Cromer*, 390 F.3d at 818 (cleaned up).

Although Lynch is a particularly zealous advocate, and many of his filings stretch the limits of legal plausibility, the Court does not yet find that Lynch's filings are vexatious. Notably, Lynch's filings have significantly decreased since the Court requested the parties to stand down. *See* (Docs. 155, 160). Lynch also complied with the Court's Order to file a single, responsive pleading not exceeding 20 pages. *See* (Doc. 155, 159). Thus, the Court does not find a prefiling injunction appropriate at this time. The Court also declines to strike Lynch's filings.

Lynch is reminded, however, that his filings must comply with the Federal Rules of Civil Procedure and the Court's Local Rules. And he is placed on notice that if he continues to inundate the docket with legally dubious motions and unauthorized filings, his documents may be subject to a prefiling injunction. Accordingly, Defendants' Joint Motion

to Strike Unauthorized Filings and for Entry of Prefiling Review Order, (Doc. 154), is denied *without prejudice.*

### B.    County Defendants' Motion for Leave to Answer Out of Time, (Doc. 103), and Lynch's Responsive Motions, (Docs. 118, 132)

The returned summonses show that a White County Detention Center ("WCDC") employee signed for and accepted seven summonses on January 30, 2026, including the summonses for five County Defendants—Edwards, Goodwin, Rogers, Ross, and Swindle. (Docs. 92, 94–99). In turn, the County Defendants' answer was due on Friday, February 20, 2026. FED. R. CIV. P. 12(a)(1)(A)(i). They did not file a timely answer. Instead, on Monday, February 23, 2026, they filed a Motion for Leave to File Answer Out of Time. (Doc. 103).

In the Motion, the County Defendants' counsel states that she "was unaware of the exact date Defendants were served in this case." (Doc. 103). The County Defendants request that they be allowed to file their Answer out of time based on excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B).

While it appears neglect or carelessness occurred, it is unclear who or what caused the delay in the County Defendants' filing. Regardless, considering all relevant circumstances and factors—including the marginal length of the delay and the minor impact on judicial proceedings—the Court find that the neglect is excusable. *See United States v. Mink*, 107 F.4th 824, 827 (8th Cir. 2024) (discussing the *Pioneer* factors for excusable neglect). Accordingly, the County Defendants' Motion for Leave to File Answer Out of Time, (Doc. 103), is granted. The Clerk of the Court will be directed to docket the

4

proposed answer, (Doc. 103-1). Lynch's Motions to Deny the Motion for Leave to File Answer Out of Time,[1] (Doc. 118, 132), are denied.

### C.    County Defendants' Motion to Set Aside Service of Process, (Doc. 101), and Lynch's Responsive Motion, (Doc. 122), Motion for Service, (Doc. 143), and Motion for Disclosure of Last Known Addresses, (Doc. 144)

As noted above, a WCDC employee accepted summonses for seven Defendants on January 30, 2026. But not all of those Defendants have appeared in this action.[2] The County Defendants move to set aside the service of process on Defendants Workman, Wood, and Sciler. (Doc. 101). The County Defendants note that, at the time the summonses were accepted by the WCDC employee, Workman, Wood, and Sciler were no longer White County employees. Corrected and full names have been provided for those Defendants: Haley Workman, Donald Wood, and Cody Siler. (Doc. 101 at 2). And their last-known addresses have been provided under seal. (Doc. 112).

For good cause, the Motion to Set Aside Service of Process, (Doc. 101), is granted. Summonses will be reissued to the last-known addresses by separate order. Lynch's Motion to Object to Motion to Set Aside Service of Process, (Doc. 122), is denied.[3] Lynch's Motion for Service, (Doc. 143), is denied as moot. Lynch's Motion for Disclosure of Defendants

---

[1] Generally, a motion is not the proper way to respond to a motion. Moving forward, and unless directed otherwise, Lynch should file a *single*, *concise* "Response" to any motion filed by the Defendants. *See* LOCAL RULE 7.2(b) ("Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities.").

[2] It appears that, mistakenly, no summons was issued for Defendant Rodgers. *See* (Doc. 81 at 2–3). Regardless, Rodgers has appeared through counsel. (Doc. 100).

[3] Again, it is generally not appropriate to respond to a motion with a motion. *See supra* note 1.

Workman's, Wood's, and Siler's last-known addresses, (Doc. 144) is denied; those addresses will remain under seal.

### D.     Lynch's Motion for Leave to File Third Amended Complaint, (Doc. 127), and Motion to Correct that Motion for Leave, (Doc. 140)

On March 6, 2026, Lynch filed a "3rd Amended Complaint" that was docketed as a Motion for Leave to File a Third Amended Complaint. (Doc. 127). On March 19, 2026, Lynch notified the Court that he "does not seek to amend the complaint" in this case and that the "3rd Amended Complaint" was filed in error. (Doc. 140). He asks that the error be corrected. *Id.* For good cause, Lynch's Motion to Correct, (Doc. 140), is granted. Lynch's Motion for Leave to File a Third Amended Complaint, (Doc. 127), is denied as moot. Lynch's Third Amended Complaint, (Doc. 45), remains the operative complaint in this action.

### E.     County and Medical Defendants' Motions for a More Definite Statement, (Docs. 91, 105), and  Lynch's Motions to Compel Defendants' Answer, (Docs. 137, 138, 150)

Motions for More Definite Statement. After filing their Answers to Lynch's operative Third Amended Complaint, (Docs. 88–90), the Medical Defendant filed a Motion for More Definite Statement under Federal Rule of Civil Procedure 12(e). (Doc. 91). The County Defendants joined the Motion, (Doc. 105), after filing their proposed Answer, (Doc. 103-1). Defendants' Motions are improper.

Under Rule 12(e), the motion for a more definite statement "must be made *before* filing a responsive pleading." FED. R. CIV. P. 12(e). The fact that Defendants were able to draft an answer—even if a bit vaguer and broader than desired—undermines their

contention that a more definite state is required. *See Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1144 (E.D. Mo. 2015) (denying motion for more definite statement filed after a responsive pleading and collecting cases doing the same).

Although the Court acknowledges the errors in Lynch's Third Amended Complaint pointed out by Defendants, (Doc. 91 at 4–6)—including the voluminous and repetitive nature of the allegations, which fail to comply with Federal Rule of Civil Procedure 8, the non-chronological nature of the allegations, and sometimes unclear handwriting—the Court has carefully organized and outlined the allegations and related claims found in the Third Amended Complaint. (Doc. 71). This is not a case where the factual basis for the remaining claims is unknown. Moreover, to allow another amended complaint would open the door to another round of screening under 28 U.S.C. § 1915A(a) and further delay this ageing case. Accordingly, Defendants' Motions for a More Definite Statement, (Docs. 91, 105), are denied.

Motions to Compel Answers. On a related note, Lynch moves to Compel Defendants to provide more thorough answers. (Docs. 137, 138, 150). He accuses Defendants of making blanket denials of his allegations that fail to comply with Federal Rule of Civil Procedure 8(b)(2). Under that Rule, Defendants' denials "must fairly respond to the substance of the allegation." FED. R. CIV. P. 8(b)(2). But, as discussed, the operative complaint itself does not comply with Rule 8 and—given the voluminous, repetitive, and scattered nature of the allegations—necessitates a vague and broad response. If Lynch seeks answers that more definitively respond to his allegations, he must first seek and

receive leave to file an amended complaint that complies with Rule 8. Accordingly, Lynch's Motions to Compel Defendants' Answer, (Docs. 137, 138, 150), are denied.

In short, the Court will not compel any party to amend their operative pleadings. And, given the detailed nature of the screening Recommendation and Order, (Docs. 71, 80), the Court believes all parties are on fair notice of the allegations and claims that are proceeding in this case. But, *if* Lynch would like to file an amended complaint that is short and concise; does not raise claims or allegations that have already been dismissed; presents the allegations in chronological order; and is not otherwise futile or prejudicial, the Court will consider granting Lynch leave to file such complaint. *See Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir. 2011) ("[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."). Lynch is reminded that any proposed amended complaint must be attached to his motion for leave to amend. *See* (Doc. 83); LOCAL RULE 5.5(e) ("A party who moves to amend a pleading shall attach a copy of the amendment to the motion.")

### F.    Lynch's Motions to Preserve Evidence, (Docs. 108, 109, 110)

Lynch has filed three more Motions to Preserve Evidence. (Docs. 108–110). Prior motions to preserve have been denied as premature and based on Lynch's failure to narrowly tailor his requests to evidence relevant to his claims in this case. *See* (Docs. 23, 26, 51, 68, 83). The Court also noted that, based on Lynch's allegations, the WCDC—particularly though Defendant Edwards—was already aware of the pending litigation, and the Court would take up the issue of spoliation of evidence *if* and when necessary. (Doc.

68 at 2–3). The Court's reasoning stands. Lynch's requests for preservation of evidence remain too broad. For instance, he requests the preservation of *all* "Smart Communications data," "Body cam recordings," and "Electronic medical records." (Doc. 109 at 2). However, to the extent necessary, Defendants are reminded that any bad-faith destruction of relevant evidence may result in sanctions. *See Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 745–46 (8th Cir. 2004). The Defendants are also directed to take reasonable steps to preserve any evidence that may be relevant to this action. Lynch's Motions to Preserve Evidence, (Docs. 108, 109, 110), are otherwise denied.

**G.    Lynch's Pre-Emptive Motion to Deny Summary Judgment to Defendants, (Doc. 113), and Lynch's Motion to Strike Defendants' Affirmative Defenses, (Doc. 135)**

Lynch has filed an "Omnibus Motion," in which he claims Defendants will never be entitled to summary judgment in this case. (Doc. 113). Similarly, Lynch seeks to strike Defendants' affirmative defenses "asserted without factual support." (Doc. 135). The Court will take up the issue of whether Defendants are entitled to summary judgment or any affirmative defense if and when the time comes. Thus, Lynch's Omnibus Motion and Motion to Strike Defendants' Affirmative Defenses are denied.

## III.    CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.    Defendants' Joint Motion to Strike Unauthorized Filings and for Entry of Prefiling Review Order, (Doc. 154), is DENIED without prejudice.

2.      The County Defendants' Motion for Leave to File Answer Out of Time, (Doc. 103), is GRANTED; Lynch's Motions to Deny the Motion for Leave to File Answer Out of Time, (Doc. 118, 132), are DENIED.

3.      The Clerk of the Court is directed to docket the proposed Answer, (Doc. 103-1). The Clerk is further directed to update the docket to reflect the corrected and full names of Defendants Clayton Edwards, Hannah Ross, Conner Goodwin, and Zachary Rodgers, as set forth in their Answer. *See* (Doc. 103-1 at 1, 3).

4.      The County Defendants' Motion to Set Aside Service of Process, (Doc. 101), is GRANTED. Lynch's Motion to Object to Motion to Set Aside Service of Process, (Doc. 122), is DENIED. Lynch's Motion for Service, (Doc. 143), is DENIED as moot. Lynch's Motion for Disclosure of Defendants Workman's, Wood's, and Siler's last-known addresses, (Doc. 144), is DENIED.

5.      Lynch's Motion to Correct, (Doc. 140), is GRANTED. Lynch's Motion for Leave to File a Third Amended Complaint, (Doc. 127), is DENIED as moot.

6.      County and Medical Defendants' Motions for More Definite Statements, (Docs. 91, 105), and Lynch's Motions to Compel Defendants' Answer, (Docs. 137, 138, 150) are DENIED.

7.      Lynch's Motions to Preserve Evidence, (Docs. 108, 109, 110), are GRANTED to the extent Defendants are reminded of their duty to preserve evidence that may be relevant to this case. The Motions are otherwise denied.

8.      Lynch's Omnibus Motion, (Doc. 113), and Motion to Strike Defendants' Affirmative Defenses, (Doc. 135), are DENIED.

SO ORDERED this 8th day of May, 2026.


_____
UNITED STATES MAGISTRATE JUDGE