IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JASON LYNCH PLAINTIFF

V. Case No. 4:24-CV-00740-LPR-BBM

DOES, Pill Nurses 1–3; CLAYTON EDWARDS, Captain; HANNAH ROSS, Lt.; SWINDLE, Sgt.; HALEY WORKMAN, Sgt.; ZACHARY RODGERS, Sgt.; DONALD WOOD, CO; CODY SILER, Sgt.; CONNOR GOODWIN, CO; ASHLEY WATTS, Nurse; KAITLYN SMITH, Nurse; and TURN KEY HEALTH CLINICS, LLC, d/b/a TK HEALTH, Medical Contractor DEFENDANTS

**ORDER**

## I. INTRODUCTION

On August 30, 2024, Plaintiff Jason Lynch—at that time, an inmate in the White County Detention Facility ("WCDC")—filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging a litany of claims against numerous Defendants. (Doc. 1). Addendums and Amended complaints followed. After the Court screened the operative Third Amended Complaint, (Doc. 45), Lynch was allowed to proceed on specified claims that allegedly occurred during his 2024 WCDC incarceration. (Doc. 71) (Doc. 80).

On September 11, 2026, Lynch filed three documents: (1) "Motion for Leave to File Fourth Amended Complaint, to Substitute Identified Pill-Nurse Doe Defendants, to Add Newly Identified Defendants, for Narrow Identification of Correctional Officer Jones, and for Limited Notice of Record Discrepancies," (Doc. 220); (2) "Motion for Leave to File

Fourth Amended Complaint and to Add Additional Defendants," (Doc. 221); and (3) a "Proposed Fourth Amended Complaint and Jury Demand," (Doc. 222), with explanatory exhibits, (Doc. 222-1). Defendants have not responded, and the time to do so has passed. *See* (Doc. 223). For the following reasons, Lynch's Motions to Amend Complaint, (Doc. 220) (Doc. 221) (Doc. 222), are granted.

## II. DISCUSSION

In his Motions to Amend, Lynch seeks to: (1) identify the Doe Defendants; (2) add ten Defendants to the claims he has already been allowed to pursue (some of which were previously terminated as parties to this action); and (3) clarify his allegations against certain Defendants. *See, e.g.*, (Doc. 220 at 2–3).

The federal rules state that the Court should freely give leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend, however, may appropriately be denied where there are "compelling reasons," such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 358–59 (8th Cir. 2011).

After thorough review of the proposed Amended Complaint, (Doc. 222), the Court finds the amendment is not futile, and there is no indication of bad faith. Moreover, Defendants have not claimed undue delay, unfair prejudice, or otherwise objected to the amendment. Accordingly, Lynch is granted leave to amend. The Clerk will be directed to docket the proposed Fourth Amended Complaint, which will be the operative pleading moving forward.

Based on the additions and substitutions in the Fourth Amended Complaint, Lynch is now proceeding on the following claims:

a. medical-deliberate-indifference claims against Nurse Ashley Watts and Captain Clayton Edwards, in their individual capacities only, based on a delay in Lynch receiving his HIV medication;

b. crushed-medication medical-deliberate-indifference claims against Edwards, Nurse Kaitlyn Smith, Watts, **Y'Kebiya Spinks, Savannah Henderson, Jamie Andersen, Heather Jones, Heather Hobbs, Katlyn Ladd, and Johnathan White** in their individual capacities only;

c. First Amendment interference-with-mail claims against Edwards, Lt. Hannah Ross, Sgt. Cody Siler, C.O. Conner Goodwin, **Matthew White, and Wilborn** in their individual capacities only;

d. failure-to-protect claims against Sgt. Zachary Rodgers and Sgt. Swindle, in their individual capacities only, for telling the F Pod inmates that the shakedowns were Lynch's fault;

e. excessive-force claim against Rodgers, in his individual capacity only, for the alleged arm-grab;

f. equal-protection claim against Edwards and **Sheriff Phillip Miller**, in their individual capacities only, based on Lynch's placement in medical lockdown;

g. individual-capacity retaliation claims: (1) against Edwards and **Joseph Martin** for harassment of Lynch's wife; (2) against Edwards, Ross, Siler, Goodwin, **Matthew White, and Wilborn** for interference with Lynch's mail; (3) against C.O. Donald Wood for denying Lynch toilet paper; (4) against Rodgers, Swindle, and Sgt. Haley Workman for telling F Pod inmates that it was Lynch's fault they were not receiving yard call; (5) against Edwards, Rodgers, Swindle, Wood, and **Matthew White** for subjecting Lynch to numerous shakedowns with strip and visual cavity searches, and against Rodgers and Swindle for telling the F Pod inmates the shakedowns were Lynch's fault; and (6) against Edwards, **CO Jones, and John Long** for placing Lynch in medical lockdown;

h. conspiracy claims against Edwards, Rodgers, Ross, Siler, Goodwin, Wood, Swindle, and Workman in their individual capacities only; and

i. official-capacity claims against Edwards and Turn Key Health Clinics, LLC for the alleged policy and practice of crushing Lynch's medication.

*See* (Doc. 71) (Doc. 80) (Doc. 222) (emphasis on newly added Defendants).

**III. CONCLUSION**

IT IS THEREFORE ORDERED THAT:

1. Lynch's Motions to Amend, (Doc. 220) (Doc. 221) (Doc. 222), are GRANTED.

2. The Clerk is directed to docket Lynch's Proposed Amended Complaint, (Doc. 222)—but not the explanatory exhibits, (Doc. 222-1)—as his "Fourth Amended Complaint."

3. Defendants Y'Kebiya Spinks, LPN; Savannah Henderson, LPN; and Jamie Andersen, LPN are SUBSTITUTED for Doe Defendants 1–3.

4. Jones, Long, and Martin are REINSTATED as Defendants; the Clerk is directed to update the docket to reflect the full names of Defendants John Long and Joseph Martin.

5. The following Defendants are added as parties to this action: Heather Jones, LPN; Heather Hobbs, LPN; Katlyn Ladd, LPN; Johnathan White, Medical Provider; Matthew White; Mason Wilborn; and Phillip Miller, Sheriff.

6. Lynch is allowed to PROCEED with the claims outlined in paragraphs (a)–(i) above.

7. The Clerk is directed to prepare summonses for the properly identified,[1] unserved County Defendants—Matthew White, Mason Wilborn, Sheriff Phillip Miller, Joseph Martin, and John Long.

8. The United States Marshal is directed to serve the summonses, newly-docketed Fourth Amended Complaint, and this Order at the White County Detention Center, 1600 Booth Road, Searcy, Arkansas 72143, without requiring prepayment of fees and costs.[2]

9. Service for the unserved Medical Defendants—Y'Kebiya Spinks, Savannah Henderson, Jamie Andersen, Heather Jones, Heather Hobbs, Katlyn Ladd, and Johnathan White—will be attempted by different means.

10. The served Defendants—Edwards, Ross, Swindle, Rodgers, Wood, Siler, Goodwin, Watts, Smith, and Turn Key Health Clinics, LLC—have fourteen days from the date of this Order to file an amended answer or otherwise respond to the Fourth Amended Complaint.

11. For good cause, the time to serve all Defendants is extended to December 14, 2026.

SO ORDERED this 15th day of October, 2026.

Benecia Moore

UNITED STATES MAGISTRATE JUDGE

---

[1] Lynch is reminded that it is his responsibility to provide sufficient information for identifying and properly serving each Defendant, including CO Jones. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

[2] If any County Defendant is no longer a White County employee, the individual responding to service must provide a <u>sealed</u> statement with that Defendant's last-known mailing address.